958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert GRANT, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
 No. 90-16276.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided March 27, 1992.
 
 Before WILLIAM B. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case considers whether an insurance company has a duty to consider an offer of a structured settlement made by an accident victim, despite tendering the policy limits in exchange for settlement of the victim's claim. Robert Grant appeals the district court's summary judgment in favor of the insurer, State Farm Mutual Automobile Insurance Company (State Farm). We have jurisdiction and we affirm.
 
 
 3
 * On October 10, 1986, Wayne Reed, State Farm's insured, negligently caused an accident involving Grant, who was injured. On December 15, 1986, Grant demanded the policy limits in the form of a structured settlement, which would afford him substantial tax advantages. On December 29, 1986, State Farm refused Grant's offer and tendered either (1) the policy limits in cash or (2) a structured settlement of its own. Grant refused these offers and sued Reed in state court.
 
 
 4
 Reed voluntarily filed for bankruptcy on January 3, 1989. On January 9, 1989, Reed stipulated with Grant to a settlement judgment of $1,000,000 in the state court action. Reed also assigned to Grant all of his rights against State Farm in exchange for Grant's covenant not to execute. On March 9, 1989, the bankruptcy court lifted the automatic stay to permit Grant to recover from State Farm "to the extent that such insurance is available." The state court approved the judgment/assignment between Grant and Reed on January 10, 1990. State Farm paid the policy limits plus Grant's costs, a total of $103,095.42, in February, 1990.
 
 
 5
 On April 17, 1990, Grant filed this action against State Farm. The only remaining claim in the action is that State Farm breached its duty of good faith and fair dealing to Reed when it refused to consider Grant's structured settlement offer.
 
 II
 
 6
 We review a grant of summary judgment de novo. Viewing the evidence in a light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). If a nonmovant bears the burden of proof on an issue, summary judgment is appropriate when he fails to make a showing sufficient to establish an essential element of his case. The movant need not negate the essential element. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Grant has the burden to show that State Farm breached its duty of good faith and fair dealing to Reed.
 
 III
 
 7
 An insured may assign his action for suffering damages in excess of policy limits because of an insurer's wrongful failure to settle. Comunale v. Traders & Gen. Ins. Co., 50 Cal.2d 654, 328 P.2d 198, 202 (1958). In Comunale, the California Supreme Court held:
 
 
 8
 When there is great risk of a recovery beyond the policy limits so that the most reasonable manner of disposing of the claim is a settlement which can be made within those limits, a consideration in good faith of the insured's interest requires the insurer to settle the claim. Its unwarranted refusal to do so constitutes a breach of the implied covenant of good faith and fair dealing.
 
 
 9
 Id. at 201.
 
 
 10
 "The implied covenant of good faith and fair dealing imposes a duty on the insurer to settle a claim against its insured within policy limits whenever there is a substantial likelihood of a recovery in excess of those limits." Johansen v. California State Auto. Ass'n Inter-Ins. Bureau, 15 Cal.3d 9, 538 P.2d 744, 747, 123 Cal.Rptr. 288 (1975). This duty derives from the insured's expectation "that a sum of money equal to the limits is available and will be used so as to avoid liability on his part with regard to any covered accident." Crisci v. Security Ins. Co., 66 Cal.2d 425, 426 P.2d 173, 177, 58 Cal.Rptr. 13 (1967).
 
 
 11
 In State Farm Mut. Auto. Ins. Co. v. Crane, 217 Cal.App.3d 1127, 266 Cal.Rptr. 422 (1990), the insurer tendered the policy limits in exchange for settlement of the victim's claim. The victim rejected the offer, sought an excess judgment and sought prejudgment interest under Cal.Civ.Code § 3291 (plaintiff gets prejudgment interest for obtaining a judgment greater than a pretrial settlement offer). The court held that an insurer must insist on settling a claim in exchange for paying over the policy limits, else it provides financial support for the victim's lawsuit against its own insured. Id. at 1136. An insurer does everything within its power to effect a settlement when it offers its policy limits. As a result, "State Farm's policy limits settlement offer was in good faith as a matter of law." Id.
 
 
 12
 In Heredia v. Farmers Ins. Exch., 228 Cal.App.3d 1345, 279 Cal.Rptr. 511 (1991), the victim wanted the insurer to pay the policy limits and defend the insured in a lawsuit against the insured and others. The victim would not execute against the insured, but wanted him present as a defendant to prevent the other defendants from using the "empty chair" defense. Id. at 513. The insurer refused to both pay the policy limits and provide a defense. The policy at issue said the insurer would not defend after paying the limits of liability for coverage. In an action for breach of the duty of good faith and fair dealing, the court held that the insurer had no obligation to accept the victim's settlement offer because it was not within the policy limits. Id. at 516.
 
 
 13
 Grant made a structured settlement offer. State Farm had no duty to consider a settlement proposal in excess of the policy limits. Obviously Grant and State Farm had some disagreement whether Grant's offer exceeded the policy limits. State Farm solved this disagreement, however, by offering to do all that its contract with Reed obligated it to do--pay the policy limits. State Farm's duty to Reed was to pay damages up to the policy limits, not to negotiate structured settlements with victims.[1] We hold that an insurer acts in good faith as a matter of law if it tenders the policy limits when faced with a structured settlement offer that the injured party considers to be equal to the policy limits. Having breached no duty to Reed, State Farm cannot possibly have any liability to Grant.
 
 IV
 
 14
 The district court's summary judgment in favor of State Farm is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Grant does not allege injury to Reed by virtue of not including Reed in settlement negotiations and not allowing him to contribute to a settlement. See Heredia, 279 Cal.Rptr. at 519-20